NO._____

| | | |
|---|---|---|
| SANDRA LACAP | * | IN THE DISTRICT COURT OF |
| VS. | * | ORANGE COUNTY, TEXAS |
| MEDI-DYNE HEALTHCARE PRODUCTS, LTD AND MEDI-DYNE HEALTHCARE COMPANIES, LLC | * | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SANDRA LACAP, hereinafter styled Plaintiff, complaining of MEDI-DYNE HEALTHCARE PRODUCTS, LTD and MEDI-DYNE HEALTHCARE COMPANIES, LLC, hereinafter styled Defendants, and for cause of action against said Defendants, jointly and severally would respectfully show the Court and Jury as follows:

I.

Pursuant to Tex.R.Civ.P. 190.1, Discovery Control Plan Required, Plaintiff intends that discovery be conducted under Level 2, Tex.R.Civ.P. 190.3 Discovery Control Plan.

II.

Plaintiff is a resident of Orange, Orange County, Texas.

Defendant, MEDI-DYNE HEALTHCARE PRODUCTS, LTD, is a corporation, company, partnership, proprietorship or some such business entity. Defendant does business in the State of Texas and from time to time within the jurisdiction of this Honorable Court. Defendant may be served with process by serving its registered agent for service, Van Hubbard, 1812 Industrial Blvd., Colleyville, Texas 76034.

**SERVICE IS REQUESTED AT THIS TIME.**

Defendant, MEDI-DYNE HEALTHCARE COMPANIES, LLC, is a corporation, company, partnership, proprietorship or some such business entity. Defendant does business in the State of Texas and from time to time within the jurisdiction of this Honorable Court. Defendant may be served with process by serving its registered agent for service, Van Hubbard,

1812 Industrial Blvd , Colleyville, Texas 76034.

**SERVICE IS REQUESTED AT THIS TIME.**

III.

Plaintiff would show on or about March 4, 2009, she was working in the course and scope of her employment for Memorial Hermann Baptist Hospital. She was stripping wax off the floor with a machine supplied by the Defendants, when she slipped and fell. The Defendants were suppose to provide special shoes to be worn while using the stripping machine, but despite numerous requests failed to do so.

IV.

That on the occasion in question the Defendants, jointly and severally, through their agents, servants and employees, were guilty of various acts, wrongs and omissions. That each and all of which constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains

Plaintiff would show that the Defendants owed a duty to the general public, including Plaintiff, SANDRA LACAP, to use ordinary care, including the duty to protect and safeguard Plaintiff from reasonably dangerous conditions with their equipment or to warn of their existence.

Defendants owed Plaintiff a duty to exercise ordinary care to keep their equipment in reasonably safe condition, inspect the equipment to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant knew or should have known that their failure to provide the proper attire to operate their equipment created an unreasonable risk of harm to Plaintiff in that Defendants knew or should have known of the danger of failing to provide the proper attire to operate their equipment. Defendants knew this caused an unreasonable risk of harm to persons such as the Plaintiff who would be operating their equipment. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding it. Each of these acts and omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiff's injuries and damages as described below.

V.

That as a direct and proximate result of the negligence and carelessness of the Defendant, its agents, servants and employees, the Plaintiff, SANDRA LACAP, suffered injuries to her back, neck, knee and body in general. That because of such injuries Plaintiff has suffered the following elements of damage:

1. Physical pain and suffering in the past and future;
2. Mental anguish suffered in the past and future;
3. Loss of earning capacity in the past and future;
4. Physical impairment suffered in the past and future;
5. Medical expenses incurred in the past and future;

In this connection, Plaintiff would show the Court and Jury the damages sought are within the jurisdictional limits of this Honorable Court, for which she sues the Defendants herein.

VI.

Plaintiff says if in the event she had pre-existing conditions in her body prior to this incident that such conditions were painless and symptom-free, but because of the injuries she suffered in this incident such conditions were lighted up, aggravated and precipitated.

VII.

Attached hereto as Exhibit "A" is a Request for Disclosure to be answered within fifty (50) days of receipt of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon a trial of this cause that Plaintiff have and recover of and from the Defendants, jointly and severally, judgment for her damages as may be deemed just and fair by the Jury; that she have such judgment together with all legal interest, including pre-

judgment interest; costs of court and for such other and further relief to which she may be justly entitled to receive.

                Respectfully submitted,

                WALDMAN SMALLWOOD, P.C.
                3550 B North Dowlen
                Beaumont, Texas 77706
                TELEPHONE(409) 833-9151
                FACSIMILE(409) 866-4196

                _____
                TOM OXFORD
                SBN: 15392200

NO. _____

| | | |
|---|---|---|
| SANDRA LACAP | * | IN THE DISTRICT COURT OF |
| | | |
| VS. | * | ORANGE COUNTY, TEXAS |
| | | |
| MEDI-DYNE HEALTHCARE PRODUCTS, LTD AND MEDI-DYNE HEALTHCARE COMPANIES, LLC | * | _____ JUDICIAL DISTRICT |

## JURY DEMAND

Plaintiff respectfully demands a Jury to try this cause.

Respectfully submitted,

WALDMAN SMALLWOOD, P.C.
3550 B North Dowlen
Beaumont, Texas 77706
TELEPHONE (409) 833-9151
FACSIMILE (409) 866-4196

_____
TOM OXFORD
SBN:15392200

ATTORNEY FOR PLAINTIFF